**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
KRISTY R. CONNOLLY, State Bar No. 328477
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email:  kconnolly@aegislawfirm.com

Attorneys for Plaintiff Anne Marie Kendall, individually,
and on behalf of all others similarly situated.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE MARIE KENDALL, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>VERIZON DATA SERVICES LLC; VERIZON CORPORATE SERVICES GROUP INC.; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No. 3:22-cv-05324-DMR-VC<br>*Assigned to Hon. Vince Chhabria*<br><br>**[Amended as a matter of right, pursuant to Labor Code section 2699.3(a)(2)(C)]**<br><br>**FIRST   AMENDED   CLASS   ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Minimum Wages;<br>2.  Failure to Pay Overtime Wages;<br>3.  Failure to Provide Meal Periods;<br>4.  Failure to Permit Rest Breaks;<br>5.  Failure to Reimburse Business Expenses;<br>6.  Failure to Provide Accurate Itemized Wage Statements;<br>7.  Failure to Pay Wages Timely During Employment;<br>8.  Failure to Pay All Wages Due Upon Separation of Employment;<br>9.  Violation of Business and Professions Code §§ 17200, *et seq.*; and<br>10. Enforcement of Labor Code § 2698 *et seq.* ("PAGA") |

Plaintiff Anne Marie Kendall, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.     Plaintiff Anne Marie Kendall ("Plaintiff") brings this putative class action and representative action pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code. § 2698 *et seq*., against defendants Verizon Data Services LLC, Verizon Corporate Services Group Inc., and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.     Defendants provide services or goods throughout California.

3.     Through this action, Plaintiff alleges that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

    (a)    failing to pay all wages (including minimum wages and overtime wages);

    (b)    failing to provide lawful meal periods or compensation in lieu thereof;

    (c)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

    (d)    failing to reimburse necessary business-related costs;

    (e)    failing to provide accurate itemized wage statements;

    (f)    failing to pay wages timely during employment; and

    (g)    failing to pay all wages due upon separation of employment.

5.     Plaintiff seeks monetary relief against Defendants on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 510, 512,

558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2800, 2802, 2698, *et seq.,* and Code of California Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

6.     This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.     Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

Complaint and serve such fictitiously named defendants once their names and capacities become known.

13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

-3-

20.     Plaintiff's proposed class consists of and is defined as follows:

Class

All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between December 28, 2017[1] and the date of class certification ("Class").

21.     Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between December 28, 2018 and the date of class certification ("Waiting Time Subclass").

22.     Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.     Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.     There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)     Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)     Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

-4-

(c)     Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d)     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e)     Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g)     Whether Defendants failed to pay wages timely to Plaintiff and Class Members;

(h)     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)     Whether Defendants' conduct was willful or reckless.

(j)     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25.     There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a)     <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     <u>Typicality</u>: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

-5-

sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)    Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d)    Superiority: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Waiting Time Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)    Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

## GENERAL ALLEGATIONS

26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other California residents as non-exempt employees throughout California at Defendants' California business location(s).

27.    Defendants continue to employ non-exempt employees within California.

28.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the

Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

36.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal

period premium payments, unpaid rest period premium payments, unreimbursed business expenditures, interest, attorneys' fees, penalties, costs, and expenses.

**FIRST CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

37.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39.     Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

40.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay minimum wage for all hours worked.

41.     During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

42.     Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

43.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

**SECOND CAUSE OF ACTION**

**<u>FAILURE TO PAY OVERTIME</u>**

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

44.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-9-

FIRST AMENDED CLASS ACTION COMPLAINT

45.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

46.    Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

47.    The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

48.    California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

49.    Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

50.    Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

51.    During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

52.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53.    In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59.    Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

-11-

the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

60.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.    During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

62.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

63.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

64.    As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

65.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

66.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

67.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

68.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

69.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

70.     At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

71.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

(Violation of Labor Code §§ 2800, 2802)

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

74.     Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

75.     Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

76.     Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

77.     During the relevant time period, Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants.

78.     In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiff's and Class Members' work and job duties.

79.     As a direct result, Plaintiff and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226; Violation of IWC Wage Order)

80.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

-14-

deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

83.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

84.    Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars

-15-

1   ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding

2   four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

3       85.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and

4   Class Members from knowing, understanding, and disputing the wages paid to them and resulted

5   in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

6   intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members

7   have suffered an injury, in the exact amount of damages and/or penalties to be shown according

8   to proof at trial.

9                           **SEVENTH CAUSE OF ACTION**

10                  **FAILURE TO PAY TIMELY DURING EMPLOYMENT**

11                       (Violation of Labor Code §§ 204, 210)

12      86.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13  though fully set forth herein.

14      87.    Pursuant to California Labor Code § 204, employees must be paid within a certain

15  number of days of the close of the pay period.

16      88.    During the relevant time period, Defendants failed to timely pay Plaintiffs and

17  Class Members wages earned during the pay period.

18      89.    Such a pattern, practice and uniform administration of corporate policy regarding

19  timely payment of wages as described herein is unlawful and creates an entitlement to recovery

20  by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed,

21  including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of

22  California Labor Code § 210.

23      90.    As a direct and proximate cause of these violations, Class Members have been

24  damaged, in an amount to be determined at trial.

25  / / /

26  / / /

27  / / /

28  / / /

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

(Violation of Labor Code §§ 201, 202, and 203)

91.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

92.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

93.     During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

94.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

95.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

96.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

/ / /

/ / /

-17-

# NINTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Violation of Business and Professions Code §§ 17200, *et seq.*)

97.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

98.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

99.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

100.    Defendants' policies and practices violated state law in at least the following respects:

(a)     Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members at the proper rate and in a timely manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

(b)     Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(c)     Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d)     Failing to reimburse Plaintiff and Class Members for necessary business-related expenses in violation of Labor Code §§ 2800 and 2802.

(e)     Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

-18-

(f)    Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

101.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

102.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

103.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

104.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

105.    As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

106.    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

1

**TENTH CAUSE OF ACTION**

2

**ENFORCEMENT OF LABOR CODE §§ 2698 *ET SEQ*. ("PAGA")**

3        107.    Plaintiff hereby re-alleges and incorporate by reference the previous paragraphs

4    as though fully set forth herein.

5        108.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides

6    for a civil penalty to be assessed and collected by the Labor and Workforce Development

7    Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or

8    employees for violation of the Labor Code may, as an alternative, be recovered through a civil

9    action brought by an aggrieved employee on behalf of himself or herself and other current or

10   former employees pursuant to the procedures specified in Labor Code § 2699.3.

11       109.    For all provisions of the Labor Code except those for which a civil penalty is

12   specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred

13   dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two

14   hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay

15   period in which Defendants violated these provisions of the Labor Code.

16       110.    Defendants' conduct violates numerous Wage Order and Labor Code sections,

17   including, but not limited to, the following:

18            a.       violation of Labor Code §§ 201, 202, 203, 204, 210, 510, 1182.12, 1194,

19                     1197, and 1198 for failure to timely pay all earned wages (including

20                     minimum wage and overtime wages) owed to Plaintiff and other

21                     aggrieved employees during employment and upon separation of

22                     employment as herein alleged;

23            b.       violation of Labor Code §§ 226.7 and 512 for failure to provide meal

24                     periods to Plaintiff and other aggrieved employees and failure to pay

25                     premium wages for missed meal periods as herein alleged;

26            c.       violation of Labor Code § 226.7 for failure to permit rest breaks to

27                     Plaintiff and other aggrieved employees and failure to pay premium

28                     wages for missed rest periods as herein alleged;

-20-

       d.     violation of Labor Code § 226 for failure to provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged;

       e.     violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate and complete records showing, among other things, the hours worked daily by and the wages paid to aggrieved employees; and

       f.     violation of Labor Code §§ 2800 and 2802 for failure to reimburse Plaintiff and other aggrieved employees for necessary business expenses as herein alleged.

111.    Plaintiff is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the violations committed against her, and therefore is properly suited to represent the interests of all other aggrieved employees.

112.    Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of herself and all other aggrieved employees under PAGA.

113.    Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

114.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2.    For appointment of Anne Marie Kendall as class representative;

3.    For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof at trial;

-21-

5.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6.      For economic and/or special damages in an amount according to proof at trial;

7.      For liquidated damages pursuant to Labor Code § 1194.2;

8.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.      For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.     For pre-judgment interest;

13.     For civil penalties;

14.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e), 1194, and 2698 *et seq.*; and

15.     For such other relief as the Court deems just and proper.


Dated: October 25, 2022                   **AEGIS LAW FIRM, PC**


                                      By: _____
                                          Kristy R. Connolly
                                          Attorneys for Plaintiff Anne Marie Kendall