UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE KENDALL,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON DATA SERVICES LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-05324-VC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

    The motion to remand is denied because the amount in controversy is more than $75,000.

    While this is a putative class action, neither side argues that CAFA's jurisdictional requirements are satisfied here. The question is therefore whether there is diversity jurisdiction over Kendall's individual claims. The complaint does not give specific dollar amounts or numbers of hours, so Verizon may make "reasonable assumptions." *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Kendall is right that Verizon's estimate of three hours of unpaid overtime per week is too high; one hour per week is a more reasonable estimate. (Kendall may make this argument without providing her own evidence. *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 700 (9th Cir. 2020).) More importantly, Verizon's estimate assumes that Kendall was not paid *anything* for her overtime work. Notice of Removal 6. But the complaint only claims that she was not paid the correct overtime rate. Compl. 11 (alleging the defendant did not pay "proper overtime wages"). Verizon's estimate of the amount in controversy for the overtime claim therefore should be reduced by eight-ninths. With this adjustment, a reasonable estimate of Kendall's claims before attorney's fees is more like $45,000.

Were this Court writing on a blank slate, that would be the end of the story—the motion to remand would be granted. From a plain language standpoint, attorney's fees are fees incurred for adjudicating the controversy, but they are not themselves part of the "amount" that is the subject of the "controversy." Nor does it make practical sense to include attorney's fees in the amount in controversy. Future fees are hard to estimate, and including such an estimate is incongruous with the bright-line jurisdictional threshold, since fees will vary wildly depending on whether the parties settle a matter early or fight it out through a jury trial. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958–59 (7th Cir. 1998).

But the Ninth Circuit has come to the contrary conclusion. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Circuit has expressed confidence, however misplaced, that district courts can "determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Id.* at 795.

If she prevails, Kendall will be statutorily entitled to recover reasonable fees. Cal. Labor Code § 1194. And this case will not be far along before Kendall's fees would put the total amount over $75,000 (not counting any fees relating to class certification or class discovery). The amount in controversy is therefore sufficient to create diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: January 17, 2023

_____
VINCE CHHABRIA
United States District Judge