**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
jcampbell@aegislawfirm.com
KRISTY R. CONNOLLY, State Bar No. 328477
Kconnolly@aegislawfirm.com
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Anne Marie Kendall, individually, and on behalf of all others similarly situated.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE MARIE KENDALL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON DATA SERVICES LLC; VERIZON CORPORATE SERVICES GROUP INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:22-cv-05324-AMO-VC<br><br>*Assigned to Hon. Araceli Martinez-Olguin*<br><br>**JOINT STIPULATION AND ORDER APPROVING PAGA SETTLEMENT** |

1        Defendants Verizon Data Services LLC and Verizon Corporate Services Group Inc.
2   ("Defendants") and Plaintiff Anne Marie Kendall ("Plaintiff") (collectively, the "Parties"),
3   through their counsel of record, stipulate and hereby request that the Court enter an order as
4   follows:
5        1.        WHEREAS, on June 22, 2022, Plaintiff filed a class action complaint entitled
6   *Kendall, et al. v. Verizon Data Services, LLC, et al.* in the Superior Court of the State of
7   California, County of Contra Costa, Case No. C22-01304 for (1) failure to pay minimum wages;
8   (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest
9   breaks; (5) failure to reimburse business expenses; (6) failure to provide accurate itemized wage
10  statements; (7) failure to pay wages timely during employment; (8) failure to pay all wages due
11  upon separation of employment; and (9) violation of Business and Professions Code §§ 17200, *et*
12  *seq*.
13       2.        WHEREAS, on June 22, 2022, Plaintiff's Counsel sent a notice to the Labor and
14  Workforce Development Agency ("LWDA") regarding her intention to seek penalties against
15  Defendants under the Private Attorneys General Act of 2004, Labor Code §§ 2698 *et seq*.
16  ("PAGA"). Attached as <u>Exhibit A</u> is a true and correct copy of the PAGA notice.
17       3.        WHEREAS, on September 19, 2022, Defendants removed the action to this Court.
18  (ECF No. 1.)
19       4.        WHEREAS, on October 19, 2022, Plaintiff filed a Motion to Remand which was
20  initially set to be heard on December 15, 2022. (ECF No. 10).
21       5.        WHEREAS, on October 24, 2022, Plaintiff filed a First Amended Complaint
22  ("FAC") to add a cause of action for Enforcement of PAGA. (ECF No. 3).
23       6.        WHEREAS, on January 17, 2023, the Court denied Plaintiff's Motion to Remand.
24  (ECF No. 23).
25       7.        WHEREAS, on or about September 5, 2023, the Parties reached a resolution of
26  Plaintiff's claims and as part of the settlement, Plaintiff signed a general release of her individual
27  claims and will receive an individual settlement payment. As such, Plaintiff will seek dismissal of
28  her individual claims, including her individual PAGA claim, with prejudice upon the Court's

approval and will have the remainder of Plaintiff's representative PAGA claim and putative class claims be dismissed without prejudice.

8.   WHEREAS, Labor Code section 2699(l)(2) requires judicial review and approval of any proposed settlement agreement involving a PAGA claim. Accordingly, attached as <u>Exhibit B</u> is a true and correct copy of the Parties' fully-executed Settlement Agreement with redacted terms unrelated to PAGA in order to preserve confidentiality.

9.   WHEREAS, Plaintiff and Plaintiff's Counsel concluded, after taking into account the sharply disputed factual and legal issues involved in this action, the risks attending further prosecution, the discovery conducted to date, and the substantial benefits received and to be received pursuant to the Settlement, that the Settlement is in the best interest of all interested parties.

10.  WHEREAS, since Plaintiff stopped working for Defendants on June 24, 2021, and the statute of limitations for the PAGA claim only begins on June 22, 2021, Plaintiff's PAGA claim is based on one pay period in the liability period.

11.  WHEREAS, for the single pay period, Plaintiff alleges purported Labor Code violations that give rise to PAGA civil penalties, including the failure to pay wages for all time worked when she was allegedly required to attend meetings outside of scheduled work time and the failure to reimburse business expenses when she was allegedly required to use her personal cell phone for work.

12.  WHEREAS, Defendants deny Plaintiff's allegations.

13.  WHEREAS, Plaintiff's Counsel considered the strength of the claims alleged and found significant risk in proceeding. For example, Defendants argued that Plaintiff was instructed to track and record all of her time to ensure that she was properly paid for all time worked. Further, Defendants argued that Plaintiff was issued a phone to use in place of her personal cell phone, so any expenses associated with her personal cell phone were not a necessary expenditure or loss as required by Labor Code section 2802. If Plaintiff could prove either theory of liability, then pursuant to Labor Code section 2699, Defendants would be liable for a civil penalty of $100.

14.  WHEREAS, after evaluating the claims and defenses, the Parties agreed to settle

-3-

1  Plaintiff's individual PAGA claim for $100, in which 75% will be paid to the LWDA and 25%
2  will be paid to Plaintiff in accordance with Labor Code § 2699(i). *See* Settlement Agreement, §
3  1(e).
4       15.    WHEREAS, pursuant to Labor Code section 2699(l)(2), Plaintiff has submitted a
5  copy of the Settlement Agreement to the LWDA. Attached as Exhibit C is a true and correct copy
6  of the LWDA's confirmation of receipt of submission.
7       16.    WHEREAS, the Parties jointly request that the Court (1) approve the PAGA
8  portion of the Settlement Agreement, (2) dismiss Plaintiff's individual claims, including Plaintiff's
9  individual PAGA claim, *with prejudice*, and (3) dismiss Plaintiff's representative PAGA claim
10 *without prejudice* as to the LWDA or any other potentially aggrieved employees, and (4) dismiss
11 Plaintiff's putative class claims *without prejudice* as to any putative class member.

**IT IS SO STIPULATED.**

Dated: September 20, 2023         **AEGIS LAW FIRM, PC**

                                  By:    */s/ Kristy R. Connolly*
                                         Kristy R. Connolly
                                         Attorneys for Plaintiff Anne Marie Kendall

Dated: September 20, 2023         **JONES DAY**

                                  By:    */s/ Brian Jorgensen*
                                         Brian Jorgensen
                                         Attorneys for Defendants Verizon Data Services
                                         LLC and Verizon Corporate Services Group, Inc.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____       _____
                                  Hon. Araceli Martinez-Olguin
                                  United States District Judge

**ECF SIGNATURE CERTIFICATION**

Pursuant to Civil L.R. 5-1(h)(3), I, Kristy R. Connolly, hereby attest under penalty of perjury that all signatories concur in this filing.

Dated: September 20, 2023         */s/ Kristy R. Connolly*
                                                    Kristy R. Connolly

JOINT STIPULATION AND ORDER APPROVING PAGA SETTLEMENT