**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
jcampbell@aegislawfirm.com
KRISTY R. CONNOLLY, State Bar No. 328477
Kconnolly@aegislawfirm.com
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

Attorneys for Plaintiff Anne Marie Kendall, individually,
and on behalf of all others similarly situated.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE MARIE KENDALL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON DATA SERVICES LLC; VERIZON CORPORATE SERVICES GROUP INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:22-cv-05324-AMO-VC<br><br>*Assigned to Hon. Araceli Martinez-Olguin*<br><br>**SECOND JOINT STIPULATION AND ORDER APPROVING PAGA SETTLEMENT** |

1    Defendants Verizon Data Services LLC and Verizon Corporate Services Group Inc. ("Defendants") and Plaintiff Anne Marie Kendall ("Plaintiff") (collectively, the "Parties"), through their counsel of record, stipulate and hereby request that the Court enter an order as follows:

1. WHEREAS, on June 22, 2022, Plaintiff filed a class action complaint entitled *Kendall, et al. v. Verizon Data Services, LLC, et al.* in the Superior Court of the State of California, County of Contra Costa, Case No. C22-01304 for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to reimburse business expenses; (6) failure to provide accurate itemized wage statements; (7) failure to pay wages timely during employment; (8) failure to pay all wages due upon separation of employment; and (9) violation of Business and Professions Code §§ 17200, *et seq*.

2. WHEREAS, on June 22, 2022, Plaintiff's Counsel sent a notice to the Labor and Workforce Development Agency ("LWDA") regarding her intention to seek penalties against Defendants under the Private Attorneys General Act of 2004, Labor Code §§ 2698 *et seq*. ("PAGA").

3. WHEREAS, on September 19, 2022, Defendants removed the action to this Court. (ECF No. 1.)

4. WHEREAS, on October 19, 2022, Plaintiff filed a Motion to Remand which was initially set to be heard on December 15, 2022. (ECF No. 10).

5. WHEREAS, on October 24, 2022, Plaintiff filed a First Amended Complaint ("FAC") to add a cause of action for Enforcement of PAGA. (ECF No. 3).

6. WHEREAS, on January 17, 2023, the Court denied Plaintiff's Motion to Remand. (ECF No. 23).

7. WHEREAS, on or about September 5, 2023, the Parties reached a resolution of Plaintiff's claims and as part of the settlement, Plaintiff signed a general release of her individual claims and will receive an individual settlement payment. As such, Plaintiff will seek dismissal of her individual claims, including her individual PAGA claim, with prejudice upon the Court's

1  approval and will have the remainder of Plaintiff's representative PAGA claim and putative class
2  claims be dismissed without prejudice.

3      8.    WHEREAS, Labor Code section 2699(l)(2) requires judicial review and approval
4  of any proposed settlement agreement involving a PAGA claim. A copy of the Parties' Settlement
5  Agreement is attached to the Declaration of Kristy R. Connolly, with terms unrelated to PAGA
6  redacted. Concurrently with the submission of this Joint Stipulation, Defendants are filing a
7  Motion to Seal the Settlement Agreement in accordance with Civil Local Rule 79-5.

8      9.    WHEREAS, Plaintiff and Plaintiff's Counsel concluded, after taking into account
9  the sharply disputed factual and legal issues involved in this action, the risks attending further
10 prosecution, the discovery conducted to date, and the substantial benefits received and to be
11 received pursuant to the Settlement, that the Settlement is in the best interest of all interested
12 parties. The Parties have prepared a joint brief addressing the factors for the Court to consider in
13 granting the PAGA settlement, which is attached hereto as **Exhibit A**.

14     10.    WHEREAS, after evaluating the claims and defenses, the Parties agreed to settle
15 Plaintiff's individual PAGA claim for $100, in which 75% will be paid to the LWDA and 25%
16 will be paid to Plaintiff in accordance with Labor Code § 2699(i). *See* Settlement Agreement, §
17 1(e).

18     11.    WHEREAS, pursuant to Labor Code section 2699(l)(2), Plaintiff has submitted a
19 copy of the Settlement Agreement to the LWDA.

20     12.    WHEREAS, the Parties jointly request that the Court (1) approve the PAGA
21 portion of the Settlement Agreement, (2) dismiss Plaintiff's individual claims, including Plaintiff's
22 individual PAGA claim, *with prejudice*, and (3) dismiss Plaintiff's representative PAGA claim
23 *without prejudice* as to the LWDA or any other potentially aggrieved employees, and (4) dismiss
24 Plaintiff's putative class claims *without prejudice* as to any putative class member.

25     **IT IS SO STIPULATED.**

Dated: December 8, 2023  **AEGIS LAW FIRM, PC**

By: _____*/s/ Kristy R. Connolly*_____
 Kristy R. Connolly
 Attorneys for Plaintiff Anne Marie Kendall

Dated: December 8, 2023  **JONES DAY**

By: _____*/s/ Brian Jorgensen*_____
 Brian Jorgensen
 Attorneys for Defendants Verizon Data Services LLC and Verizon Corporate Services Group, Inc.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

 Hon. Araceli Martinez-Olguin
 United States District Judge

## **ECF SIGNATURE CERTIFICATION**

Pursuant to Civil L.R. 5-1(h)(3), I, Kristy R. Connolly, hereby attest under penalty of perjury that all signatories concur in this filing.

Dated: December 8, 2023                     */s/ Kristy R. Connolly*
                                                                    Kristy R. Connolly

JOINT STIPULATION AND ORDER APPROVING PAGA SETTLEMENT