1  JONES DAY
   Steven M. Zadravecz, Bar No. 185676
2  szadravecz@jonesday.com
   Aileen Kim, Bar No. 324522
3  aileenkim@jonesday.com
   Lauren E. Dutkiewicz, Bar No. 329017
4  ldutkiewicz@jonesday.com
   3161 Michelson Drive, Suite 800
5  Irvine, California  92612.4408
   Telephone:   +1.949.851.3939
6  Facsimile:    +1.949.553.7539

7  Brian M. Jorgensen (appearing *pro hac vice*)
   bmjorgensen@jonesday.com
8  2727 N. Harwood Street, Suite 500
   Dallas, TX 75201-1515
9  Telephone:   +1.214.969.3741
   Facsimile:    +1.214.969.5100
10
   Attorneys for Defendants
11 VERIZON DATA SERVICES LLC and VERIZON
   CORPORATE SERVICES GROUP
12
   *Additional counsel listed on following page*
13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                        SAN FRANCISCO DIVISION

17

18 | ANNE MARIE KENDALL, individually and on behalf of all others similarly situated, | Case No. 3:22-cv-05324-SK |
|---|---|
| Plaintiffs, | **JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE SETTLEMENT AMOUNT OF THE PARTIES' INDIVIDUAL SETTLEMENT AGREEMENT** |
| v. | |
| VERIZON DATA SERVICES LLC; VERIZON CORPORATE SERVICES GROUP INC.; and DOES 1 through 20, inclusive, | |
| Defendants. | Complaint Filed:  June 22, 2022<br>First Amended Complaint:  October 25, 2022 |

1  AEGIS LAW FIRM, PC
   KASHIF HAQUE, State Bar No. 218672
2  SAMUEL A. WONG, State Bar No. 217104
3  JESSICA L. CAMPBELL, State Bar No. 280626
   jcampbell@aegislawfirm.com
4  KRISTY R. CONNOLLY, State Bar No. 328477
   kconnolly@aegislawfirm.com
5  9811 Irvine Center Drive, Suite 100
   Irvine, California 92618
6  Telephone: (949) 379-6250
7  Facsimile:  (949) 379-6251

8  Attorneys for Plaintiff Anne Marie Kendall, individually,
   and on behalf of all others similarly situated.

2

Case No.: 3:22-cv-05324-SK

**JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE SETTLEMENT AMOUNT**

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Anne Marie Kendall ("Plaintiff") and Defendants Verizon Data Services LLC and Verizon Corporate Services Group Inc. (collectively, "Verizon") jointly bring this administrative motion to file under seal portions of Exhibit 1 to the Declaration of Kristy R. Connolly ("Connolly Declaration") submitted in support of the Second Joint Stipulation To Approve PAGA Settlement in order to preserve the confidentiality the parties negotiated with respect to the individual settlement amount and to prevent misuse by future litigants against Verizon.

## I.   LEGAL STANDARD

An order to seal "may issue only upon a request that establishes that the document, or portions thereof, are privileged . . . or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The designating party must demonstrate "compelling reasons" for documents related to dispositive motions to merit sealing. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Further, this District's local rules require a designating party to state the reasons for keeping a document under seal, including an explanation of "(1) the legitimate private or public interests that warrant sealing; (2) the injury that will result if sealing is denied; and (3) why a less restrictive alternate to sealing is not sufficient." Civil L.R. 79(c)(1).

A district court has "inherent supervisory power" over its own documents, including the ability to seal documents. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Courts use their "sound discretion" to balance the public's and the parties' respective interests when deciding if settlement information may be sealed. *See id.* California district courts have routinely granted motions to seal settlement amounts. *See, e.g., Hummel v. Bimbo Bakeries USA, Inc.*, No. 14-CV-03683-JSC, 2015 WL 13738406 (N.D. Cal. Sept. 21, 2015) (granting motion to seal individual settlement amount in FLSA action); *Campanelli, et al. v. The Hershey Company*, No. 4:08-01862-BZ, Dkt. No. 443, (N.D. Cal. May 4, 2011) (approving motion to seal unredacted version of settlement stipulation and allowing redacted versions of settlement papers be filed in the public record); *Valadez et al v. CSX Intermodal Terminal, Inc.*, No. 3:15-CV-05433-AGT, Dkt. 202 (N.D. Cal. May 13, 2020) (granting motion to seal the terms of the non-PAGA settlement); *Hernandez v. Best Buy Stores, LP*, No. 13CV2587 JM (KSC), 2017 WL 2445438, at *2 n.2 (S.D.

Cal. June 6, 2017) (granting motion to file certain non-PAGA-related settlement information under seal).

## II. DISCUSSION

### A. Compelling Reasons Exists to Seal the Amount Of Plaintiff's Individual Settlement.

Under California Labor Code Section 2699(l)(2), the Court must "review and approve any settlement of any civil action" filed pursuant to the Private Attorneys General Act ("PAGA"). The parties agree that the information disclosing the total amounts to be paid pursuant to Plaintiff's individual PAGA claims will remain in the public record. But the Court need not review and approve the settlement of Plaintiff's *individual* wage and hour claims. Compelling reasons exist to keep this amount out of the public record.

"There is no presumptive right of access to confidential settlement documents when the court need not approve or enforce the settlement." *Nelson v. Levy*, No. 16-cv-03797-LB, 2018 U.S. Dist. LEXIS 178737, at *2 (N.D. Cal. Oct. 17, 2018). Courts recognize as compelling reasons to seal the amount of settlement that monetary settlements are frequently designated as confidential by the parties and forcing parties to disclose the amount would discourage settlement. *Lauris v. Novartis AG*, No. 1:16-cv-00393-SEH-SAB, 2018 U.S. Dist. LEXIS 184155 (E.D. Cal. Oct. 26, 2018). These principles have been applied in the context of a PAGA claim, where parties seek to seal terms of a settlement agreement that are outside the scope of a court's approval. For example, in S*alazar v. Sysco Cent. California, Inc.*, No. 1:15-CV-01758-DAD-SKO, 2017 WL 68114, at *2 (E.D. Cal. Jan. 5, 2017), the Court granted the parties' motion to seal "non-PAGA-related settlement terms," reasoning that "but for plaintiffs' PAGA claims, the parties would have had no reason to submit these portions of the agreement to the Court for approval, or otherwise publicly disclose these terms." The Court concluded that the "parties' interests in keeping the terms of their non-PAGA-related settlement terms confidential and the minimal public interest in disclosure" merited sealing. *Id.*

The compelling reasons that justified sealing in *Salazar* are present here. The parties negotiated and agreed as a material component of the settlement to keep confidential the amount of Plaintiff's individual settlement. (Declaration of Steven M. Zadravecz ("Zadravecz Decl.") ¶ 4.) Requiring the parties to now disclose that amount in the public record denies them the benefit of their bargain and would discourage parties from settling future litigation. *See, e.g., Hummel*, 2015 WL 13738406, at *3. For this reason, courts regularly grant motions to seal settlement amounts, especially where doing so promotes settlement and preserves the parties' desired confidentiality. *See, e.g., Trinh v. JPMorgan Chase & Co.*, No. 3:07-CV-01666, Dkt. No. 59 (S.D. Cal., Jan. 26, 2009) (granting motion to receive confidential settlement agreement under seal); *Campanelli, et al. v. The Hershey Company*, No. 4:08-01862-BZ, Dkt. No. 443, (N.D. Cal. May 4, 2011) (approving motion to seal redacted information in settlement papers); *City of Hartford v. Chase*, 942 F.2d 130, 135 (2nd Cir. 1991) ("a federal judge has the power to prevent access to settlement negotiations [by sealing settlement documents] when necessary to encourage the amicable resolution of disputes"); *In re Franklin Nat'l Bank Sec. Litigation*, 92 F.R.D. 468, 471-72 (E.D.N.Y. 1981) (refusing to unseal settlement documents and noting that "secrecy of settlement terms . . . is a well-established American litigation practice").

### B. The Parties Have a Legitimate Interest in Keeping Sealed the Amount of Settlement While There Is No Public Interest in the Settlement Amount of Plaintiff's Individual Wage and Hour Claims.

The parties' strong interest in keeping the individual settlement amount confidential is not outweighed by any public interest. Indeed, "[t]here is no general public interest in the precise settlement amount." *Hummel*, 2015 WL 13738406, at *3. That is especially true given that the parties seek to seal only the payment amount negotiated to resolve Plaintiff's individual and non-PAGA claims asserted in this action, which are outside the scope of the Court's approval and need not be publicly disclosed in order for the Court to evaluate the motion to approve the PAGA settlement. With respect to the settlement terms related to Plaintiff's PAGA claim—none of which the parties propose sealing—"the public can be assured that the settlement is fundamentally fair as it is subject to judicial scrutiny both as to substance and compensation" by

virtue of the Court's review and approval. *Hummel*, 2015 WL 13738406, at *3. Sealing only the amount of settlement therefore strikes an appropriate balance between the parties' privacy concerns and the public's interest in disclosure.

    **C.    Requiring the Parties to File Publicly the Amount of the Settlement Will Result in Harm to the Plaintiff and Verizon, and No Less Restrictive Alternative Exists to Prevent This Harm.**

As discussed above, public disclosure of the individual settlement amount harms the parties by depriving them of the confidentiality provision they negotiated. Further, publishing this information on the Court's docket creates the potential for misuse of the settlement agreement by future litigants seeking to bring claims against Verizon. *See Autodesk, Inc. v. Alter*, No. 16-CV-04722-WHO, 2017 WL 1862505, at *7 (N.D. Cal. May 9, 2017) (agreeing that a compelling reason exists to keep sealed the amount of settlement because disclosure "would harm [Disney's] commercial standing because it gives parties in future negotiations with [Disney] access to secret information about comparative settlement pricing and terms."); *Rose v. Wildflower Bread Co.*, No. CV 09-1348-PHX-JAT, 2011 U.S. Dist. LEXIS 69953, at *2 (D. Ariz. June 28, 2011) (same). To prevent this harm, the parties propose sealing only the portions of the settlement agreement discussing the amount of the individual settlement payment for the non-PAGA claims.

| Document | Requested Sealing |
|---|---|
| Exhibit 1 to the Declaration of Kristy R. Connolly submitted in support of the Second Joint Stipulation To Approve PAGA Settlement | Certain highlighted information on page 2 showing the amount and allocation of the individual settlement amount for Plaintiff's individual wage and hour claims. |

**III.    CONCLUSION**

For the reasons stated above, the parties respectfully request that the Court maintain under seal portions of the settlement agreement attached to the Connolly Declaration as reflected in Exhibit A to the concurrently submitted Zadravecz Declaration and as identified in the concurrently submitted proposed order.

| | | |
|---|---|---|
| 1 | Dated: December 20, 2023 | **JONES DAY** |
| 2 | | |
| 3 | | By: _/s/ Steven M. Zadravecz_ |
| 4 | | Steven M. Zadravecz<br>Brian M. Jorgensen<br>Aileen Kim |
| 5 | | Lauren E. Dutkiewicz |
| 6 | | Attorneys for Defendants |
| 7 | | VERIZON DATA SERVICES LLC and<br>VERIZON CORPORATE SERVICES GROUP |
| 8 | | |
| 9 | Dated: December 20, 2023 | **AEGIS LAW FIRM, PC** |
| 10 | | |
| 11 | | By: _/s/ Kristy R. Connolly_ |
| 12 | | Kristy R. Connolly |
| 13 | | Attorneys for Plaintiff<br>ANNE MARIE KENDALL |

## SIGNATURE ATTESTATION

I hereby attest that concurrence in the filing of this document has been obtained from each signatory indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: December 20, 2023         By:  _/s/ Steven M. Zadravecz_
                                      Steven M. Zadravecz

Attorneys for Defendants
VERIZON DATA SERVICES LLC and
VERIZON CORPORATE SERVICES
GROUP